IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF TEXAS
HOUSTON DIVISION

HOPE MEDIA GROUP, a Texas non-
profit corporation,

    Plaintiff,

v.

HOPE CHANNEL INTERNATIONAL,
INC., a Maryland non-profit corporation,

    Defendant.

§
§
§
§
§
§
§
§
§
§
§
§

Civil Action No. 4:26-cv-04841

## PLAINTIFF HOPE MEDIA GROUP'S COMPLAINT

Hope Media Group ("**HMG**") files this Complaint against Hope Channel International, Inc. ("**HCI**") and respectfully states as follows:

### NATURE AND BASIS OF ACTION

1. This declaratory-judgment action arises from an actual, immediate, and justiciable controversy concerning HMG's use, registration, and application for HOPE MEDIA GROUP, HOPE MEDIA GROUP & Design, HOPE EVENTS, HOPE NATION, and HOPE ON DEMAND (collectively, the "**HMG Marks**"), and HCI's effort to restrict HMG's use of those marks and is based on the Declaratory Judgment Act, 28 U.S.C. §§ 2201 and 2202, and the Lanham Act, 15 U.S.C. § 1051 et seq.

2. HCI has placed HMG's rights and business operations in controversy by asserting in a Southern District of Florida complaint, Case No. 1:26-cv-23123-BB (the "**Florida Action**"), that HMG's use of the HOPE MEDIA GROUP, HOPE EVENTS, and HOPE NATION trademarks infringe HCI's asserted rights in its registered mark HOPE CHANNEL, and its common law marks

1

HOPE SABBATH SCHOOL, CELEBRATION OF HOPE, and HOPELINK (collectively, the "*Asserted HCI Marks*").

3.     That theory is overbroad and inconsistent with HCI's and its predecessor's own positions in United States Patent and Trademark Office ("*USPTO*") records: HCI now treats "HOPE" as the dominant source-identifying feature of religious-media marks even though HCI and its predecessor, in separate office action responses, told the USPTO that HOPE-formative marks must be considered in their entireties, that "HOPE per se" is not dominant for religious goods or services, and that "HOPE" trademarks are weak in the religious field.

4.     HCI's enforcement campaign also includes a United States Trademark Trial and Appeal Board ("*TTAB*") petition to cancel HMG's HOPE MEDIA GROUP & Design registration, a TTAB opposition to HMG's HOPE NATION application, and sweeping requested relief in the Florida Action seeking cancellation of HMG's HOPE MEDIA GROUP and HOPE EVENTS registrations, abandonment of HMG's HOPE NATION applications, domain-name transfers, damages, fees, and injunctions against HMG's continued use of its HOPE-formative marks.

5.     HMG seeks declarations that its use, registration, and application for the HMG Marks do not infringe the Asserted HCI Marks, do not constitute unfair competition, false designation of origin, false association, or state-law unfair competition, and do not support cancellation of HMG's registrations, abandonment of HMG's applications, transfer of HMG's domain names, or any restriction on HMG's lawful use of its HOPE-formative marks.

## PARTIES

6.     HMG is a Texas non-profit corporation located and doing business at 21620 Valley Ranch Parkway, New Caney, Texas 77357.

7. HCI is a Maryland non-profit corporation located and doing business at 12501 Old Columbia Pike, Silver Spring, Maryland 20904.

## JURISDICTION AND VENUE

8. This Court has subject-matter jurisdiction under 28 U.S.C. §§ 1331, 1337(a), 1338(a), 1338(b), 2201, and 2202, and 15 U.S.C. § 1121, because this action arises under federal trademark law and seeks declaratory relief concerning HCI's asserted Lanham Act claims.

9. An actual controversy exists because HCI has accused the HMG Marks of infringing or being confusingly similar to the Asserted HCI Marks; HCI seeks cancellation of HMG's federal registrations; HCI seeks abandonment of HMG's pending HOPE NATION applications; and HCI seeks sweeping injunctive, monetary, domain-transfer, and related relief against HMG.

10. This Court has personal jurisdiction over HCI because HCI has purposefully directed its trademark enforcement activities at HMG, a Texas non-profit corporation headquartered in this District, including by petitioning to cancel HMG's registration, opposing HMG's application, and filing federal claims against HMG based on marks adopted, managed, and used in this judicial District.

11. This Court also has personal jurisdiction over HCI because, on information and belief, HCI advertises, markets, offers, or promotes its HOPE-formative services to Texas consumers, including through its internet-based activities and through live events and promotional activities conducted in this District.

12. Venue is proper in this District under 28 U.S.C. § 1391(b) because HMG resides in this District, HCI is subject to personal jurisdiction here, and a substantial part of the events giving

rise to HMG's claims occurred here, including HMG's adoption, management, and use of the HMG Marks.

13.     HCI chose a Florida forum even though this dispute is centered in Texas. HCI's venue and jurisdiction allegations rest on claimed radio-station operations under other brands and generally accessible websites, streaming services, and mobile applications, not Florida-directed use of the HMG Marks. HMG's relevant decisions about adoption, registration, branding, and management of the HMG Marks occurred in this District, and any alleged Florida access to HMG content is incidental to nationwide access rather than targeted Florida conduct.

## FACTUAL BACKGROUND

### A.  HMG and the HMG Marks

14.     HMG is a Christian media organization that operates radio stations and related digital, event, fundraising, ministry, and media services through a family of brands that includes KSBJ, WayFM (Way Media), NGEN, Vida Unida, Worship 24/7, God Listens Prayer App, Hope Events, Hope Nation, World's Biggest Small Group, and the HMG Marks.

15.     Since at least as early as 2019, HMG has used one or more of the HMG Marks in connection with Christian radio broadcasting, radio communications, multimedia programming, online religious instruction, podcasts, video podcasts, digital content hosting, charitable fundraising, live concerts and events, ministry services, and related services (collectively, "***HMG Services***").

16.     HMG was previously known as KSBJ Educational Foundation, Inc. In or around June 2020, HMG's Board approved the adoption of the Hope Media Group house name, and the name change became official in August 2020. Since 1982, HMG has operated KSBJ, one of the largest non-profit Christian radio stations in the United States.

17. In 2022, HMG merged with Way Media. HMG already had a national presence through its online streams and Hope On Demand platform, which made its streaming and digital content available without geographic boundaries; the merger only further expanded HMG's terrestrial footprint across the United States.

18. HMG owns the HOPE-formative federal trademark registrations and pending applications listed below. The registrations listed below are the "*HMG Registrations*," the pending HOPE NATION applications listed below are the "*HMG Applications*," and the HMG Registrations and HMG Applications together are the "*HMG Registrations and Applications*." True and correct copies of the USPTO Trademark Status and Document Retrieval ("*TSDR*") pages for the HMG Registrations and Applications are attached hereto as **Exhibit A**.

| Mark | U.S. Reg./App. No. | Goods and Services | Filing/Issue Date | First Use Date |
|---|---|---|---|---|
| HOPE ON DEMAND | Reg. No. 6023528 | Class 41: Entertainment services in the nature of development, creation, production, distribution, and post-production of on-line religious content; Entertainment services, namely, an ongoing multimedia program featuring religious content distributed via various platforms across multiple forms of transmission media; Religious instruction services; Providing on-line religious instruction promoting Christian and family values; Class 42: Hosting of digital content on the Internet; Class 45: Provision of a web site featuring information on religious content and religious lifestyles | Filing: Sep. 4, 2019; Issue: March 31, 2020 | July 12, 2019 |
| HOPE MEDIA GROUP & Design **Hope** *media group* | Reg. No. 6965055 | Class 36: Charitable fundraising services; Charitable fundraising services by means of organizing and conducting special events; Class 38: Radio broadcasting; Radio communication; Class 41: Concert booking; Development and dissemination of printed educational | Filing: October 27, 2020; Issued: January 24, 2023 | August 12, 2020 |

| | | | | |
|---|---|---|---|---|
| | | materials of others in the field of Christian living; Entertainment services in the nature of development, creation, production, distribution, and post-production of on-line multimedia religious entertainment content; Entertainment services, namely, an ongoing multimedia program featuring religious content distributed via various platforms across multiple forms of transmission media; Entertainment services, namely, providing podcasts in the field of religious instruction promoting Christian and family values; Entertainment services, namely, providing video podcasts in the field of religious instruction promoting Christian and family values; Production of radio and television programs; Providing on-line religious instruction promoting Christian and family values; Radio and television show programming; Religious instruction services; <u>Class 42</u>: Hosting of digital content on the Internet; <u>Class 45</u>: Christian ministry services; Conducting religious prayer services; Provision of a web site featuring information about religion and religious lifestyles; Religious and spiritual services, namely, providing gatherings and retreats to develop and enhance the spiritual lives of individuals | | |
| HOPE MEDIA GROUP & Design  Hope Media Group | Reg. No. 7346933 | <u>Class 41</u>: Concert booking; Development and dissemination of educational materials in the field of Christian living; Entertainment services in the nature of development, creation, production, distribution, and post-production of on-line religious content; Entertainment services, namely, an ongoing multimedia program featuring religious content distributed via various platforms across multiple forms of transmission media; Entertainment services, namely, providing podcasts in the field of religious instruction promoting Christian and family values; Entertainment services, namely, providing video podcasts in the field of religious | Filed: August 17, 2023; Issued: April 2, 2024 | August 12, 2020 |

6

| | | | | |
|---|---|---|---|---|
| | | instruction promoting Christian and family values; Production of radio and television programs; Providing on-line religious instruction promoting Christian and family values; Radio and television show programming; Religious instruction services | | |
| HOPE MEDIA GROUP | Reg. No. 8049023 | Class 36: Charitable fundraising services; Charitable fundraising services by means of organizing and conducting special events;<br>Class 38: Radio broadcasting and radio communication services;<br>Class 41: Concert booking; Development and dissemination of printed educational materials of others in the field of Christian living; Entertainment services in the nature of development, creation, production, distribution, and post-production of on-line multimedia religious entertainment content; Entertainment services, namely, an ongoing multimedia program featuring religious content distributed via various platforms across multiple forms of transmission media; Entertainment services, namely, providing podcasts in the field of religious instruction promoting Christian and family values; Entertainment services, namely, providing video podcasts in the field of religious instruction promoting Christian and family values; Production of radio and television programs; Providing on-line religious instruction promoting Christian and family values; Radio and television show programming; Religious instruction services;<br>Class 42: Hosting of digital content on the Internet;<br>Class 45: Christian ministry services; Conducting religious prayer services; Provision of a web site featuring information about religion and religious lifestyles; Religious and spiritual services, namely, providing gatherings and retreats to develop and enhance the spiritual lives of individuals | Filed: April 1, 2025; Issued: December 2, 2025 | August 12, 2020 |
| HOPE EVENTS | Reg. No. 8137790 | Class 35: Arranging and conducting special events for commercial, | Filed: March 23, | November 1, 2023 |

7

| | | promotional, and advertising purposes; promoting the concerts, seminars or conferences of others; Class 36: Charitable fundraising services by means of musical concerts and educational seminars and conferences; Class 41: Concert, seminar and conference ticket reservation booking; entertainment, namely, live music concerts; arranging and conducting of concerts; rental of concert halls; organization of entertainment events in the nature of live music concerts and faith-based rallies; conducting of entertainment events in the nature of live music concerts and faith-based rallies; ticket reservation and booking services for recreational and leisure events, namely, concerts, seminars and rallies; providing on-line newsletters in the field of Christian and inspirational topics, music, musical and performing artists and speakers, live and recorded interviews, and concerts via e-mail; providing a website over a global computer information network featuring information pertaining to radio programming and entertainment information pertaining to music, musical and performing artists, live and recorded interviews in the field of religious instruction promoting Christian and family values and inspirational topics, and music concerts; providing entertainment information to others on religious and inspirational topics, music, musical and performing artists and speakers, and live and recorded interviews and concerts; arranging and conducting special events in the fields of music, live music concerts, religion, faith-based, and inspirational topics; Class 45: Providing a website over a global computer information network featuring information pertaining to inspirational stories and messages (Class 45) | 2023; Issued: February 10, 2026 | (Classes 35, 41); January 5, 2024 (Classes 36, 45) |
| HOPE NATION | U.S. App. No. 98965386 | Class 36: Charitable fundraising for religious activities and ministry; charitable fundraising services for | Filed: January 15, 2025 | Intent-to-use |

| | | religious activities and ministry; charitable fundraising services by means of organizing and conducting special events for religious activities and ministry; online charitable fundraising for religious activities and ministry | | |
|---|---|---|---|---|
| HOPE NATION | U.S. App. No. 98977633 | Class 41: Entertainment in the nature of on-going radio programs in the field of Christian and inspirational music, musical and performing artists, live interviews and concerts; providing a website over a global computer information network featuring entertainment information on performing artists, music, religious instruction and prayer; providing online newsletters in the field of Christian and inspirational music, musical and performing artists, live interviews, and concerts via e-mail; concert booking; educational services, namely, development and dissemination of printed educational materials of others in the field of Christian living; entertainment services in the nature of development, creation, production, distribution, and post-production of on-line multimedia religious entertainment content; entertainment services, namely, ongoing multimedia programs featuring religious content distributed via various platforms across multiple forms of transmission media; entertainment services, namely, production of podcasts in the field of religious instruction promoting Christian and family values; entertainment services, namely, providing video and audio podcasts in the field of religious instruction promoting Christian and family values; entertainment services, namely, the provision of continuing radio and television programs in the field of Christian living; providing on-line religious instruction promoting Christian and family values; radio and television show programming; religious instruction services | Filed: January 15, 2025 | Intent-to-use |
| HOPE NATION | U.S. App. No. 98976323 | Class 9: Downloadable mobile applications and software for streaming of audio material, visual material, music, and radio programming, and for | Filed: January 15, 2025 | Intent-to-use |

9

| | | providing information on performing artists, music, religious instruction and prayer; downloadable electronic newsletters in the field of Christian and inspirational music, musical and performing artists, live interviews and concerts, and religious instruction; Class 35: Promotion in the field of entertainment, namely, promoting the music concerts and religious instruction of others; promoting the concerts of others;<br>Class 38: Radio broadcasting services; radio broadcasting; radio program broadcasting; radio broadcasting consultation; radio broadcasting of information and other programs; streaming of audio material on the Internet; providing a website over a global computer network featuring information on radio broadcasting; radio broadcasting and radio communication services; broadcasting of radio programs;<br>Class 42: Hosting of digital content on the Internet; cross-platform conversion of digital content into other forms of digital content;<br>Class 45: Christian ministry services; conducting religious prayer services; religious services, namely, prayer meetings; provision of a web site featuring information about religion and religious lifestyles; religious and spiritual services, namely, providing gatherings and retreats to develop and enhance the spiritual lives of individuals | | |

19.     The HMG Registrations – HOPE ON DEMAND (U.S. Reg. No. 6023528), HOPE MEDIA GROUP & Design (U.S. Reg. No. 6965055), HOPE MEDIA GROUP & Design (U.S. Reg. No. 7346933), HOPE MEDIA GROUP (U.S. Reg. No. 8049023), and HOPE EVENTS (U.S. Reg. No. 8137790) – are valid and subsisting federal registrations and constitute prima facie evidence of the validity of the marks and HMG's exclusive right to use the marks in United States commerce in connection with the covered services pursuant to 15 U.S.C. § 1115.  Application No.

98965386 for HOPE NATION in Class 36 also recently published for opposition.  The USPTO did not cite any of the asserted HCI marks against any of the HMG HOPE applications listed above.

20.     HMG's U.S. Reg. No. 6,023,528 for HOPE ON DEMAND has become incontestable pursuant to 15 U.S.C. § 1115 and is not subject to cancellation on HCI's likelihood-of-confusion theory. A true and correct copy of the Section 15 Declaration of Incontestability filed by HMG in support of U.S. Reg. No. 6023528 on March 25, 2025, is attached hereto as **Exhibit B**.

### B.  HCI's Asserted Marks, Chain of Title, and Relationship with GCCSDA

21.     On information and belief, HCI operates a global Christian television network.

22.     According to USPTO TSDR records and HCI's Florida pleading, HCI owns the following federal registration and pending application containing the term HOPE:

| Mark | U.S. Reg./App. No. | Goods and Services | Filing/Issue Date | First Use Date |
|---|---|---|---|---|
| HOPE CHANNEL | Reg. No. 3,066,366 | <u>Class 38</u>: *Television broadcasting, cable television broadcasting, and television broadcasting via a global computer network*; <u>Class 41</u>: *Entertainment, namely, a continuing religious program broadcast over television, satellite, audio, and video media* | Filed: November 18, 2003; Issued: March 7, 2006 | October 10, 2003 |
| HOPE STUDIOS | App. No. 97/680,944 | <u>Class 41</u>: *Film production; Film production, other than advertising films; Multimedia entertainment services in the nature of development, production and post-production services in the fields of video and films* | Filed: Nov. 16, 2022 | Intent to Use |

True and correct copies of the USPTO TSDR pages for HCI's U.S. Reg. No. 3,066,366 and U.S. App. No. 97/680,944 are attached hereto as **Exhibit C**.

23.     In the Florida Action, HCI also claims common-law rights in HOPE SABBATH SCHOOL, CELEBRATION OF HOPE, and HOPELINK (the "***HCI Purported Common-Law***

*Marks*"), with alleged first-use dates of January 1, 2015, November 26, 2018, and June 1, 2013, respectively. The mark HOPE CHANNEL and the HCI Purported Common-Law Marks are collectively the Asserted HCI Marks.

24.    U.S. Reg. No. 3,066,366 for the mark HOPE CHANNEL (the "*HCI HOPE CHANNEL Registration*") was applied for and originally registered to the General Conference Corporation of Seventh-day Adventists ("*GCCSDA*") before being assigned to HCI in 2019. True and correct copies of the HOPE CHANNEL application dated November 18, 2003, filed in the name of General Conference Corporation of Seventh-day Adventists and the trademark assignment from General Conference Corporation of Seventh-day Adventists to HCI dated July 30, 2019 and recorded with the USPTO on September 30, 2019 are attached hereto as **Exhibit D** and **Exhibit E**, respectively.

25.    On information and belief, HCI was launched in 2003 and since then has operated and continues to operate as an institutional ministry of the General Conference of Seventh-day Adventists (the "*General Conference*"), functioning under its authority and organizational framework. GCCSDA is the legal entity through which the General Conference holds assets and conducts business affairs, including holding title to Church intellectual property and overseeing legal affairs for certain Church entities such as HCI.

26.    On information and belief, GCCSDA's Office of General Counsel manages HCI's trademark portfolio – including the HOPE CHANNEL mark and other HOPE-formative marks – and has managed the dispute with HMG from the beginning. Because HCI operates under the governance and oversight of the General Conference, and because GCCSDA serves as the General Conference's corporate instrumentality through which such governance is exercised, HCI and GCCSDA have a continuing, interrelated relationship with respect to the HOPE CHANNEL

12

registration, HCI's trademark portfolio, and this dispute. As a result, HCI and GCCSDA have acted and continue to act as agents of one another with respect to the HOPE CHANNEL registration and the enforcement positions asserted against HMG.

**C. HCI's Prior USPTO Positions and the Crowded HOPE Field Undermine Its Current Theory**

27.    The prosecution history of the HOPE CHANNEL registration shows that GCCSDA, as the original applicant and HCI's predecessor in interest to the registration, overcame a Section 2(d) refusal based on then-existing third party registration for the mark HOPEMEDIA PRODUCTIONS, covering religious electronic publications, CDs, books, television and radio programs, namely, "Production of religious television programs; entertainment in the nature of on-going television programs in the field of religion, entertainment in the nature of on-going radio programs in the field of religion, and providing on-line educational services, namely conducting classes, seminars, conferences and workshops in the field of religion" in Class 41 by arguing that HOPE CHANNEL and HOPEMEDIA PRODUCTIONS were dissimilar when considered in their entireties. A true and correct copy of the HOPE CHANNEL application Office Action Response dated July 22, 2004, is attached hereto as **Exhibit F**.

28.    GCCSDA's statements and admissions in the prosecution history are attributable to HCI because HCI claims rights through GCCSDA's assignment of the HOPE CHANNEL registration, relies on GCCSDA's claimed priority and use to enforce the registration, and continues to have an interrelated principal-agent relationship with GCCSDA in the management and enforcement of HCI's trademarks.

29.    In that prosecution history, GCCSDA asserted that HOPE CHANNEL and HOPEMEDIA PRODUCTIONS were "clearly visually and audibly dissimilar" and had different meanings and connotations when considered in their entireties. GCCSDA also asserted that

"HOPE per se" was not significant or dominant for religious goods or services, that "HOPE per se . . . can hardly be called a 'dominant feature'" of most marks involving religious goods or services, that multiple third-party USPTO registrations and applications included the term "HOPE" in connection with religious goods or services, and that "Clearly HOPE is a weak mark, as evidenced by the records of the USPTO." Exhibit F at Pages 3-4.

30.     In 2024, HCI (through the Associate General Counsel at General Conference of Seventh-day Adventists, which controls the HCI trademarks) argued to the USPTO that HCI's HOPE STUDIOS mark and HCI's HOPE CHANNEL mark were "substantially the same mark covering effectively the same services," while also arguing that HMG's HOPE MEDIA GROUP & Design mark was distinguishable from HOPE STUDIOS. A true and correct copy of the HOPE STUDIOS application Office Action Response dated March 11, 2024, is attached hereto as **Exhibit G**.

31.     In that same USPTO response, HCI argued that "The Principal Register is rife with third party HOPE marks that co-exist despite being nearly identical or closely similar and being applied to related services in the same class," and that consumers in this crowded field look to distinctions between HOPE-formative marks, making confusion improbable (the "*Crowded HOPE Field*").

### D.  HCI's TTAB Proceedings and the Florida Action

32.     HMG's incontestable HOPE ON DEMAND registration and the HCI HOPE CHANNEL Registration have coexisted on the Principal Register for more than six years, and HMG's other HOPE-formative registrations have coexisted with the HCI HOPE CHANNEL Registration for more than three years. The parties' HOPE-formative marks also have coexisted in the marketplace for years without ANY instances of known confusion.

14

33. On information and belief, HCI knew or should have known of HMG's use of "HOPE"-formative marks, namely, the HOPE ON DEMAND mark in July 2019 when it began using the mark in commerce or September 2019 when it filed an application to register the mark.

34. On information and belief, HCI knew or should have known of HMG's further use of "HOPE" formative marks no later than August 2020, when HMG, the owner of one of the largest non-profit (listener-supported) Christian radio stations in the United States, announced through multiple media outlets and press releases that it had changed its name from KSBJ Educational Foundation to Hope Media Group and it filed its first U.S. trademark application for the HOPE MEDIA GROUP mark. Despite that knowledge, HCI took no enforcement action against HMG until December 9, 2024 – a delay of more than four years.

35. During HCI's years of delay, HMG invested substantial resources in building and expanding its operations under the HMG Marks, including merging with Way Media in 2022, expanding to approximately fifty radio stations in twelve states, developing its HOPE EVENTS and HOPE NATION brands, and obtaining federal trademark registrations and filing additional applications. HMG would suffer material economic prejudice and loss of legal rights if HCI were now permitted to assert claims it could have brought years earlier.

36. Before HCI initiated the TTAB cancellation proceeding on December 9, 2024, HMG had not challenged HCI's trademark registration or applications and had not sought to restrict HCI's use of any HOPE-formative mark. HCI's petition seeks cancellation of HMG's U.S. Trademark Registration No. 6965055 for HOPE MEDIA GROUP & Design, Cancellation No. 92086941 (the "***Cancellation Proceeding***").

15

37.    On March 31, 2026, HCI also filed a Notice of Opposition before the TTAB against HMG's U.S. Trademark Application Serial No. 98977633 for HOPE NATION, Opposition No. 91306259 (the "*Opposition Proceeding*").

38.    On May 1, 2026, HCI filed the Florida Action, and on June 1, 2026, served the Florida Action Complaint on HMG's registered agent. The Florida Action asserts claims for federal trademark infringement, federal unfair competition and false designation of origin, cancellation of HMG's registrations, and Florida common-law unfair competition. A true and correct copy of the complaint in the Florida Action is attached hereto as **Exhibit H**.

39.    Shortly after filing the Florida Action, HCI moved to suspend the Cancellation Proceeding and Opposition Proceeding.

40.    HCI's Florida pleading alleges personal jurisdiction and venue based on alleged radio-station operations in the Southern District of Florida and alleged access to HMG websites, streaming services, and mobile applications in Florida and nationwide.

41.    Florida is not the proper forum for this dispute.

42.    HCI's allegations concern generally accessible websites, streaming, applications, and operations under other station brands, Way Media and Vida Unida – not purposeful, forum-directed use of the HMG Marks sufficient to make the Southern District of Florida the proper venue.

43.    In the Florida Action, HCI seeks sweeping relief, including cancellation of HMG's HOPE MEDIA GROUP and HOPE EVENTS registrations, abandonment of HMG's HOPE NATION applications, an injunction barring HMG from using HOPE MEDIA GROUP, HOPE EVENTS, HOPE NATION, or any other allegedly confusingly similar HOPE-formative mark,

16

destruction and recall of materials, transfer of domain names including hopemediagroup.com and hopenation.com, damages, attorneys' fees, and costs.

44.   HMG has little to no direct use of the HMG Marks in the Southern District of Florida.

45.   On information and belief, HCI chose that forum to inconvenience and burden HMG rather than to litigate in a district with a meaningful connection to the dispute.

46.   This District is the proper forum.

47.   HCI itself has purposefully used its HOPE-formative marks in this District, including the HOPE CHANNEL and HOPE STUDIOS marks, by advertising and offering its services to consumers here – including at the Adventist Young Professionals annual conference held in Houston, Texas, where HCI served as a "Gold" level sponsor in July 2025 and a named sponsor in July 2024. True and correct copies of materials reflecting HCI's presence and involvement at the 2024 and 2025 Adventist Young Professionals annual conference in Houston, Texas and its sponsorship status are attached hereto as **Exhibit I**.

### E.   There Is No Likelihood of Confusion or Unfair Competition

48.   The HMG Marks and the Asserted HCI Marks differ in sight, sound, meaning, and commercial impression when each mark is considered as a whole as each mark contains elements other than the term "HOPE".

49.   The parties' services differ in relevant respects: the HCI HOPE CHANNEL Registration is limited to television broadcasting, cable television broadcasting, television broadcasting via a global computer network, and a continuing religious program, while the HMG Marks are primarily used or registered for radio broadcasting, live events, charitable fundraising, podcasts, digital hosting, ministry, and related services.

17

50.     HMG adopted and has used the HMG Marks openly and in good faith to identify HMG's own mission, services, and family of brands, not to trade on HCI's goodwill or to cause consumer confusion.

51.     Despite years of coexistence, HCI is not aware of any actual consumer confusion between the HMG Marks and the Asserted HCI Marks. A true and correct copy of HCI's "Petitioner's Responses to Registrant's First Set of Requests for Admission" dated December 19, 2025, served in the Cancellation Proceeding is attached hereto as **Exhibit J** with the foregoing admission at Admission No. 1. Further, HCI's own USPTO statements recognize that consumers encounter many HOPE-formative marks and look to differences among them. Nevertheless, in an interrogatory response, HCI stated that it was "not aware of any trademark or service mark uses of 'Hope' in connection with religious-themed broadcasting services or entertainment services that are closely related to [HCI]'s Services and [HMG]'s Services." A true and correct copy of HCI's "Petitioner's Responses to Registrant's First Set of Interrogatories" dated December 19, 2025, served in the Cancellation Proceeding is attached hereto as **Exhibit K** with the foregoing response at Interrogatory Response No. 5.

52.     Numerous unrelated third parties use or have registered HOPE-formative marks in connection with religious, charitable, media, entertainment, ministry, and related services.

53.     The Crowded HOPE Field confirms – as HCI has readily admitted (at least to the USPTO) – that the formative "HOPE" is weak in this field, that no party may claim a monopoly over HOPE-formative marks for religious or faith-based services, and that consumers distinguish source by looking to the additional wording, design elements, services, and overall commercial impressions of the marks. True and correct copies of examples of unrelated third-party HOPE-

18

formative marks covering religious TV, radio and multimedia broadcasting services are attached hereto as **Exhibit L**.

54. For these reasons, confusion between the HMG Marks and the Asserted HCI Marks has not occurred and is unlikely to occur. Further, HMG has never sought to trade on the goodwill of HCI, has never attempted to associate itself or its marks or services with those of HCI, and, indeed, has no desire to in any way be associated with the trademarks, products or services of HCI.

## CLAIMS FOR RELIEF

### FIRST CLAIM FOR RELIEF:
### DECLARATORY JUDGMENT OF NON-INFRINGEMENT
### (Section 32 of the Lanham Act, 15 U.S.C. § 1114)

55. HMG incorporates by reference the allegations in the preceding paragraphs as if fully set forth herein.

56. HCI asserts in the Florida Action that HMG's use of HOPE MEDIA GROUP, HOPE EVENTS, and HOPE NATION infringes the HCI HOPE CHANNEL Registration under Section 32 of the Lanham Act.

57. HCI also relies on similar likelihood-of-confusion theories in the Cancellation Proceeding and Opposition Proceeding, challenging HMG's HOPE MEDIA GROUP & Design registration and HMG's HOPE NATION application.

58. HCI's Cancellation Proceeding, Opposition Proceeding, and Florida Action create an actual, present, and justiciable controversy between the parties concerning whether HMG's use of the HMG Marks is likely to cause confusion with the HCI HOPE CHANNEL Registration or otherwise constitutes trademark infringement.

19

59.     HMG's use, registration, and application for the HMG Marks are not likely to cause confusion with the HCI HOPE CHANNEL Registration because the marks, commercial impressions, services, channels of trade, and marketplace context are materially different.

60.     HMG's use, registration, and application for the HMG Marks are also not likely to cause confusion with the HCI HOPE CHANNEL Registration because the Crowded HOPE Field shows that consumers distinguish among HOPE-formative marks used for religious and related services.

61.     In addition or in the alternative, HCI's claims of infringement under Section 32 are barred by the equitable doctrine of laches because HCI knew or should have known of HMG's use of the HMG Marks by July 2019 or no later than August 2020, unreasonably delayed asserting any claim for more than four years, and HMG materially changed its position in reliance on HCI's inaction during that period.

62.     HMG has been and will continue to be harmed by the persistent enforcement campaign and uncertainty created by HCI with respect to the HCI HOPE CHANNEL Registration and the Asserted HCI Marks.

63.     HMG is entitled to a declaratory judgment that its use, registration, and application for the HMG Marks do not infringe the HCI HOPE CHANNEL Registration under 15 U.S.C. § 1114.

**SECOND CLAIM FOR RELIEF:**
**DECLARATORY JUDGMENT OF NO UNFAIR COMPETITION OR FALSE DESIGNATION OF ORIGIN**
**(Section 43(a) of the Lanham Act, 15 U.S.C. § 1125(a))**

64.     HMG incorporates by reference the allegations in the preceding paragraphs as if fully set forth herein.

65.     HCI asserts in the Florida Action that HMG's use of HOPE MEDIA GROUP, HOPE EVENTS, and HOPE NATION constitutes unfair competition and false designation of origin under Section 43(a) of the Lanham Act based on the Asserted HCI Marks.

66.     The Florida Action creates an actual, present, and justiciable controversy between the parties concerning whether HMG's use of the HMG Marks is likely to cause confusion with the Asserted HCI Marks or otherwise constitutes unfair competition, false designation of origin, or false association.

67.     HMG has not falsely designated the origin of HMG Services, has not represented any affiliation, sponsorship, connection, or approval by HCI, and has not caused or threatened any actionable confusion, mistake, or deception.

68.     HMG's use, registration, and application for the HMG Marks are not likely to cause confusion with the Asserted HCI Marks because the marks, commercial impressions, services, channels of trade, and marketplace context are materially different.

69.     HMG's use, registration, and application for the HMG Marks are also not likely to cause confusion with the Asserted HCI Marks because the Crowded HOPE Field shows that consumers distinguish among HOPE-formative marks used for religious and related services.

70.     In addition or in the alternative, HCI's claims of unfair competition and false designation of origin under Section 43(a) are barred by the equitable doctrine of laches for the same reasons set forth above.

71.     HMG has been and will continue to be harmed by the persistent enforcement campaign and uncertainty created by HCI with respect to the Asserted HCI Marks.

21

72.     HMG is entitled to a declaratory judgment that its use, registration, and application for the HMG Marks do not constitute unfair competition, false designation of origin, false association, or related Lanham Act liability under 15 U.S.C. § 1125(a).

<b><u>THIRD CLAIM FOR RELIEF:<br>
DECLARATORY JUDGMENT OF NO CANCELLATION, NO FORCED<br>
ABANDONMENT, AND LIMITED SCOPE OF HCI'S HOPE CHANNEL<br>
REGISTRATION</u></b>

73.     HMG incorporates by reference the allegations in the preceding paragraphs as if fully set forth herein.

74.     HCI seeks cancellation of HMG's HOPE MEDIA GROUP and HOPE EVENTS registrations and abandonment of HMG's HOPE NATION applications based on the same asserted likelihood-of-confusion theory.

75.     In addition or in the alternative, HCI's claims for cancellation of the HMG Registrations and forced abandonment of the HMG Applications are barred by the equitable doctrine of laches for the same reasons set forth above.

76.     The HMG Registrations are valid and enforceable.

77.     The HMG Applications are not barred by the Asserted HCI Marks.

78.     The HCI HOPE CHANNEL Registration does not confer exclusive rights over HOPE-formative marks for radio broadcasting, live events, fundraising, podcasts, digital hosting, ministry, or related services.

79.     HMG is entitled to a declaratory judgment that the HMG Registrations are not subject to cancellation on HCI's asserted grounds, that HMG is not required to abandon the HMG Applications, and that the HCI HOPE CHANNEL Registration does not extend to or bar HMG's use, registration, or application for the HMG Marks in connection with HMG Services. HMG

22

further seeks any appropriate order under 15 U.S.C. § 1119 to rectify the register or otherwise conform the parties' trademark rights to the Court's judgment.

**FOURTH CLAIM FOR RELIEF:**
**DECLARATORY JUDGMENT OF NO STATE-LAW UNFAIR COMPETITION,**
**INCLUDING NO FLORIDA COMMON-LAW UNFAIR COMPETITION**

80.     HMG incorporates by reference the allegations in the preceding paragraphs as if fully set forth herein.

81.     HCI asserts in the Florida Action that HMG's use of HOPE MEDIA GROUP, HOPE EVENTS, and HOPE NATION constitutes unfair competition under Florida common law.

82.     In addition or in the alternative, HCI's state-law unfair-competition claims are barred by the equitable doctrine of laches for the same reasons set forth above.

83.     HMG has not misappropriated HCI's goodwill, traded on HCI's reputation, falsely suggested that HCI sponsors or approves HMG Services, or engaged in conduct likely to cause confusion as to source, sponsorship, approval, affiliation, or reverse confusion.

84.     HMG is entitled to a declaratory judgment that its use, registration, and application for the HMG Marks do not constitute unfair competition under Florida common law or any other state common law invoked by HCI based on the same alleged conduct.

**JURY DEMAND**

85.     HMG demands a trial by jury on all issues triable to a jury.

**PRAYER FOR RELIEF**

WHEREFORE, HMG respectfully prays that the Court enter judgment as follows:

1. Declare that HMG's use, registration, and application for the HMG Marks do not infringe the HCI HOPE CHANNEL Registration under Section 32 of the Lanham Act, 15 U.S.C. § 1114;

23

2. Declare that HMG's use, registration, and application for the HMG Marks do not constitute unfair competition, false designation of origin, false association, or related liability under Section 43(a) of the Lanham Act, 15 U.S.C. § 1125(a);

3. Declare that the HMG Registrations are valid, enforceable, and not subject to cancellation on HCI's asserted grounds, and that the HMG Applications are not barred by the Asserted HCI Marks and need not be abandoned;

4. Declare that the HCI HOPE CHANNEL Registration does not extend to or bar HMG's use, registration, or application for the HMG Marks in connection with HMG Services;

5. Enter any appropriate order under 15 U.S.C. § 1119 to rectify the register or otherwise conform the parties' federal trademark registrations and applications to the Court's judgment;

6. Declare that HMG's use, registration, and application for the HMG Marks do not constitute unfair competition under Florida common law or any other state common law invoked by HCI based on the same alleged conduct;

7. Declare that, to the extent any of HCI's claims would otherwise state an actionable claim, such claims are barred by the equitable doctrine of laches;

8. Preliminarily and permanently enjoin HCI and all persons acting in concert with it from asserting, pursuing, or maintaining against HMG any claim of trademark infringement, unfair competition, false designation of origin, cancellation, forced abandonment, domain transfer, or related relief based on HMG's use, registration, or application for the HMG Marks, except as permitted by further order of this Court;

9. Award HMG its costs, expenses, and reasonable attorneys' fees to the extent authorized by law, including 15 U.S.C. § 1117(a); and

10. Award such other and further relief as the Court deems just and proper.

Dated: June 18, 2026

Respectfully submitted,

By: */s/ John C. Cain*

John C. Cain
Attorney in Charge
State Bar No. 00783778
Southern District Bar No. 15620
jcain@munckwilson.com
Steven Spears
State Bar No. 18898150
Southern District Bar No. 18898150
sspears@munckwilson.com
**MUNCK WILSON MANDALA, LLP**
1330 Post Oak Boulevard, Suite 2850
Houston, Texas 77056
(832) 615-2744 Telephone

Allison R. Ainsworth
State Bar No. 24132233
Southern District Bar No. 3871067
aainsworth@munckwilson.com
**MUNCK WILSON MANDALA, LLP**
2000 McKinney Avenue, Suite 1900
Dallas, Texas 75201
Telephone:  972-628-3600
Facsimile:  972-628-3616

**ATTORNEYS FOR PLAINTIFF
HOPE MEDIA GROUP**